IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN CHAVEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2573 |
| | § | |
| THE CITY OF KATY, TEXAS, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Sebastian Chavez filed this lawsuit against Defendant City of Katy for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). The case is now before the Court on Defendant's Motion for Summary Judgment [Doc. # 18] and Plaintiff's Motion for Partial Summary Judgment [Doc. # 20]. The Court has considered the parties' submissions, all matters of record, and the applicable legal authorities. Based on this review, the Court concludes that Plaintiff's motion should be **granted** and Defendant's motion should be **denied**.

## **I.   FACTUAL BACKGROUND**

Plaintiff was employed by Defendant City of Katy, Texas, as an EMT/Paramedic from October 1999 until he resigned in August 2003. During that time, he was paid on a 28-day averaging cycle rather than on a regular 40-hour work week. Plaintiff claims that this was an incorrect method for calculating his pay and

that the City of Katy owes him for unpaid overtime. Defendant and Plaintiff each seek summary judgment regarding whether Defendant was entitled to pay Plaintiff on a 28-day averaging cycle.

## II.     ANALYSIS

### A.     Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004). If the moving party meets this initial burden, the nonmovant is required to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). "For the purposes of a summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant." *Aucoin v. Haney*, 306 F.3d 268, 271 (5th Cir. 2002).

### B.     The Fair Labor Standards Act -- § 207(k) Exemption

The FLSA generally requires payment of overtime compensation to non-exempt employees for work in excess of forty hours in a given work week. 29 U.S.C.

§ 207(a); *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004). An exemption to this overtime requirement permits public employers engaged in fire protection or law enforcement activities to pay certain employees on a 28-day averaging basis. 29 U.S.C. § 207(k). Exemptions to the general rule, such as the exemption in § 207(k), are narrowly construed. *See Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

Defendant and Plaintiff have both moved for summary judgment on whether Plaintiff was an exempt employee under § 207(k). Defendant argues that Plaintiff is an employee whose regular pay can be calculated under § 207(k) on a 28-day averaging basis. Plaintiff argues that Defendant cannot show that he was an employee engaged in fire protection activities and, therefore, he was not an exempt employee under § 207(k). The parties agree that if Plaintiff qualifies as an exempt employee pursuant to § 207(k), he is not due unpaid overtime compensation. Defendant City of Katy, as the employer, has the burden to prove that the exemption applies. *Id.* The parties disagree regarding the import of the Fifth Circuit's decision in *Vela* and, therefore, for purposes of a complete record, the Court will address both the Code of Regulation test for employees engaged in fire protection activities and the statutory amendment enacted in December 1999 defining the term "employee engaged in fire protection activities."

1.      **29 C.F.R. § 553.215(a)**

As originally enacted, the FLSA did not define "employee engaged in fire protection activities" for purposes of the § 207(k) exemption. In 1987, the Department of Labor ("DOL") promulgated regulations in connection with § 207(k). Those regulations provide, in pertinent part, that ambulance and rescue service employees employed by a public agency other than a fire protection or law enforcement agency are treated as employees engaged in fire protection activities for purposes of § 207(k) averaging if they (1) "have received training in the rescue of fire, crime, and accident victims or firefighters or law enforcement personnel injured in the performance of their respective duties" and (2) "are regularly dispatched to fires, crime scenes, riots, natural disasters and accidents." 29 C.F.R. § 553.215(a) (emphasis added). The Fifth Circuit has held that this regulation applies to determine whether "EMS workers from any public agency" are exempt under § 207(k) as employees engaged in fire protection activities. *See Vela*, 276 F.3d at 669-70.

It is undisputed that Plaintiff has received training in the rescue of fire, crime, and accident victims or firefighters injured on the job. Defendant has failed, however, to present evidence to show that Plaintiff and other EMT/Paramedics for the City of Katy are "regularly" dispatched to fires, crime scenes, riots, natural disasters and accidents. The DOL has not provided a specific frequency which

establishes the "regularly" requirement in 29 C.F.R. § 553.215(a), and no Fifth Circuit case has established the "minimum requirements necessary to satisfy that prong." *See Vela*, 276 F.3d at 670. The factors to be considered, however, are:

> (1) the percentage of total calls that are dispatches to § 553.215 emergencies, (2) the percentage of [EMT] man-hours spent responding to such dispatches, and (3) the percentage of the total number of all calls involving § 553.215 emergencies to which the [EMT] is dispatched.

*Id.* (citing *O'Neal v. Barrow County Bd. of Comm'rs*, 980 F.2d 674, 679 (11th Cir. 1993)). "While evidence under all three *O'Neal* factors is preferable, it is not required in every case." *Id.* at 671.

The limited evidence in the record on this issue shows that in 2001, EMT employees for the City of Katy were dispatched to nine structure fires, two vehicle fires, 166 vehicle accidents, 21 assaults, three suicides, three "sick" calls, nine overdoses, two shootings, four "assist fire" situations, 24 "assist other agency" calls, and 865 other dispatches. *See* Exhibit D to Plaintiff's Response to Defendant's Motion [Doc. # 21]. For 2002, it appears from the evidence in the record that City of Katy's EMT employees were dispatched to 803 patient calls, six structure fires, nine vehicle fires, 138 vehicle accidents, 11 assaults, three stabbings, two sexual assaults, five prisoner injuries, two suicides, three "medical assists," four "sick" calls, one overdose, one shooting, one intoxication, one allergic reaction, two "assist fire"

situations, seven "EMS alarms," 22 assist other agency dispatches, and four "other" calls. *See* Exhibit E to Plaintiff's Response to Defendant's Motion. For 2003, it appears that EMT employees for the City of Katy were dispatched to 860 patient calls, nine structure fires, 191 vehicle accidents, 13 assaults, one stabbing, two sexual assaults, one prisoner assist, three "assist fire" situations, seven assist other agency dispatches, and two "other" calls. *Id.* There is no more specific information regarding these dispatches or the role of the EMT/Paramedics on each dispatch, and no evidence regarding the percentage of the EMT/Paramedics' man-hours that were spent responding to these calls.

Plaintiff calculates that the § 553.215 emergencies to which the City of Katy EMT/Paramedics were dispatched during 2001-2003 constituted something less than 30% of their total dispatches for each of the three years for which Defendant produced information. Similar percentages have been found by other courts not to meet the "regularly" requirement of § 553.215. *See Vela*, 276 F.3d at 672 (citing *Roy v. County of Lexington*, 141 F.3d 533, 542 (4th Cir. 1998) (court found lack of regularity where only 30% of all calls were to § 533.215 emergencies); *Justice v. Metro. Gov't of Nashville*, 4 F.3d 1387 (6th Cir. 1993) (Sixth Circuit reversed the district court's finding that the EMTs were regularly dispatched where 48.7% of all

EMS calls were to § 553.215 emergencies, concluding the evidence was insufficient to resolve the regularity issue)).

These authorities are persuasive. Defendant has not presented evidence to show that EMT/Paramedics for the City of Katy are "regularly dispatched" to fires, crime scenes, riots, natural disasters and accidents. Accordingly, the Court holds that the City of Katy cannot rely on § 553.215(a) to establish the § 207(k) exemption for its EMT/Paramedics.

### 2.    29 U.S.C. § 203(y)

Plaintiff and Defendant both note that Congress amended the FLSA in December 1999 to define "employee in fire protection activities" for purposes of the § 207(k) exemption. The statute now defines "employee in fire protection activities" as:

> an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who –
>
> (1)    is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and
>
> (2)    is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

29 U.S.C. § 203(y).

Plaintiff began his employment with the City of Katy in October 1999, and the Fifth Circuit has held that § 203(y) does not apply retroactively. *Vela*, 276 F.3d at 674. Most of Plaintiff's work for the City of Katy was performed, and all potentially recoverable unpaid overtime compensation accrued, after December 9, 1999. It is likely that § 203(y) governs whether Plaintiff is an exempt employee under § 207(k), and the Court will conduct the § 203(y) analysis. Because Defendant has the burden to show Plaintiff is exempt from overtime pay requirements under § 207(k), Defendant has the burden to show Plaintiff meets the definition of "employee in fire protection activities" contained in § 203(y).

Section 203(y) "explicitly covers a broad class of employees, including paramedics, emergency medical technicians, rescue workers, and ambulance personnel." *Vela*, 276 F.3d at 674. "Thus, under the current FLSA, more employees fall within the § 207(k) exemption, and fewer employees are entitled to overtime compensation pursuant to the FLSA general rule." *Id.*

In this case, Defendant has established that Plaintiff, as an EMT/Paramedic for the City of Katy, responded "to emergency situations where life, property, or the environment [was] at risk." Additionally, the uncontroverted evidence in the record

establishes that Plaintiff is trained in fire suppression.[1]  *See* Plaintiff's Resume, Attachment #1 to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment.

It is unclear, however, whether Plaintiff was employed by the Katy Fire Department or whether the Katy Emergency Medical Service is a department in the City of Katy separate from the fire department.  Further, Defendant has failed to present evidence that Plaintiff "has the legal authority and responsibility to engage in fire suppression."  Plaintiff had the legal "authority" to engage in fire suppression only if the City of Katy officially authorized him to engage in fire suppression activities.  *See Weaver v. City & County of San Francisco*, 2004 WL 422626, *6 (N.D. Cal. Mar. 4, 2004).  The uncontradicted evidence in this case is that Plaintiff, as an EMT/Paramedic for the City of Katy, did not have any authority to extinguish fires.  Indeed, Marc Jordan, the EMS Director for the City of Katy, testified during deposition that paramedics did not have responsibility or authority to extinguish fires.  *See* Deposition of Marc Jordan, Exh. D to Plaintiff's Motion for Partial Summary Judgment, p. 37.  Instead, the EMT/Paramedics were dispatched to fire scenes to treat

---

[1] Plaintiff argues that Defendant did not provide his training in fire suppression. Plaintiff cites no legal authority to support his position that the Defendant employer must provide the fire suppression training, and the plain language of Section 203(y) requires only that the employee be so trained.

injured firefighters or civilians. *See* Plaintiff's Deposition, Exh. C to Plaintiff's Motion for Partial Summary Judgment, p. 20. Plaintiff also presented uncontroverted deposition testimony that he was instructed by the EMS supervisor that fire suppression was not what Plaintiff was authorized to do, that he was strictly EMS, and that doing "any kind of fire suppression activities" was frowned upon. *Id.* at 21.

Thus, although Plaintiff was trained in fire suppression and responded to emergency situations where life, property, or the environment were at risk, Defendant has not presented evidence that Plaintiff had the legal authority and responsibility to engage in fire suppression. Consequently, Defendant has neither met its burden to show entitlement to summary judgment nor presented evidence to raise a genuine issue of material fact regarding whether Plaintiff met the definition of "employee in fire protection activities" in § 203(y) such that he would have been an exempt employee under § 207(k).

## III.  **CONCLUSION AND ORDER**

Based on the evidence in the record, Defendant has failed to raise a genuine issue of material fact regarding its claim that Plaintiff was an employee to whom the § 207(k) exemption applies, under either 29 C.F.R. § 553.215(a) or 29 U.S.C. § 203(y). As a result, Plaintiff is entitled to summary judgment as to Defendant's liability under the FLSA, and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 18] is **DENIED** and Plaintiff's Motion for Partial Summary Judgment [Doc. # 20] is **GRANTED**. The case remains scheduled for docket call on **August 19, 2005**.

SIGNED at Houston, Texas, this **14th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge